UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23638-CIV-MORENO

HARRY DIAZ,

        Plaintiff,

vs.

OMEL FLOWERS & DESIGN CORP. and
MARIA ANDRADE,

        Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Complaint (**D.E. 6**), filed on **October 24, 2017**.

THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

Plaintiff brings two claims against Defendants Omel Flowers & Design Corp. and Maria Andrade. Count I is for overtime violations under the Fair Labor Standards Act. Count II is for unpaid wages under Florida law. Defendant Andrade's *pro se* Motion to Dismiss argues that Plaintiff was an independent contractor because Plaintiff worked only during "major floral holidays," and thus, not covered under the Fair Labor Standards Act. Plaintiff counters that he was an employee for purposes of the Fair Labor Standards Act.

In distinguishing employees from independent contractors, courts look at a number of factors, including: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or material required for his task, or his employment of helpers;

(4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Sandoval v. Florida Paradise Lawn Maint., Inc.*, No. 07-22298-CIV, 2008 WL 1777392, at *3 (S.D. Fla. Apr. 17, 2008, *aff'd*, 303 F. App'x 802 (11th Cir. 2008).

At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). In this case, Plaintiff's well-pleaded allegations that he worked for Defendants for two months, Defendants determined the manner in which Plaintiff was compensated, how his hours were recorded, and how his pay rate was set, are sufficient to deny the Motion to Dismiss.

Accordingly, the Motion to Dismiss is denied. Defendants must file an Answer to Plaintiff's Complaint no later than **November 29, 2017**. The Court notes that this matter is set for trial for the two-week period beginning **January 8, 2018**. The parties are also expected to appear at Calendar Call on **January 2, 2018** at 2:00 p.m., Wilkie D. Ferguson U.S. Courthouse, Courtroom 13-3, 400 North Miami Avenue, Miami, FL 33128.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th of November 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Maria Andrade, *Pro Se*
5898 W 16th Avenue
Hialeah, FL 33012

2